UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA D. RAMOS HERNANDEZ,<br><br>              Plaintiff,<br>   v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>              Defendant. | CASE NO. C21-5833-LK<br><br>ORDER GRANTING MOTION TO REMAND |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Maria D. Ramos Hernandez's motion to remand this case to Thurston County Superior Court. Dkt. No. 6. Ramos Hernandez alleges that Defendant Allstate Indemnity Company ("Allstate") has not established that the amount in controversy is more than $75,000 in this diversity action. For the reasons set forth below, the Court GRANTS the motion and REMANDS this case to Thurston County Superior Court.

## II.    BACKGROUND

Allstate provided automobile insurance to Ms. Ramos Hernandez under an insurance contract that included underinsured motorist coverage ("UIM"). Dkt. No. 8 at 2. Ramos Hernandez

ORDER GRANTING MOTION TO REMAND - 1

1   was in an automobile accident in April 2019 and alleges that the at-fault driver was underinsured.
2   *Id.* at 2–3.

3   In September 2021, Ramos Hernandez submitted a notice to the State Insurance
4   Commissioner and to Allstate under Washington's Insurance Fair Conduct Act ("IFCA") asserting
5   that Allstate had offered $380.11 to compromise Ramos Hernandez's claim and advising that
6   Allstate could "resolve all [of Ramos Hernandez's] claims and causes of action" by paying
7   $25,000. Dkt. No. 1-2 at 31 (the "IFCA notice"); *see* Wash. Rev. Code § 48.30.015(8) (requiring
8   IFCA claimants to "provide written notice of the basis for the cause of action to the insurer and
9   office of the insurance commissioner" before filing suit).

10   Thereafter, Ramos Hernandez filed her complaint in Thurston County Superior Court,
11   alleging that Allstate had violated the IFCA and asking the court to determine the value of her
12   UIM claim. Her complaint seeks "an award of general and special damages in an amount to be
13   proven at trial," treble damages under the IFCA, and costs and attorney's fees under the IFCA.
14   Dkt. No. 8 at 3, 6. However, the complaint does not specify the amount of damages or the nature
15   of any injuries or property damage Ramos Hernandez may have incurred from the accident.

16   Allstate removed the case to this Court on November 11, 2021 on the basis of diversity
17   jurisdiction. Dkt. No. 1 at 3. Because Ramos Hernandez is a citizen of Washington and Allstate is
18   a citizen of Illinois, the parties are diverse for purposes of diversity jurisdiction. *Id.* Ramos
19   Hernandez claims that removal was improper because Allstate has not demonstrated that the
20   amount in controversy exceeds $75,000. Dkt. No. 6.

21   **III.   DISCUSSION**

22   28 U.S.C. § 1441 allows a defendant to remove an action filed in state court to federal
23   district court where the federal district court has original jurisdiction. 28 U.S.C. § 1332 in turn
24   provides for original jurisdiction over civil actions where the amount in controversy exceeds

ORDER GRANTING MOTION TO REMAND - 2

$75,000 and there exists complete diversity between the parties. The amount in controversy includes punitive damages and attorney's fees authorized by statute. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where an underlying statute authorizes treble damages, that amount may also be included for the purpose of determining the amount in controversy. *See Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *see also Gierke v. Allstate Prop. & Cas. Ins. Co.*, No. C19-0071-JLR, 2019 WL 1434883, at *3 (W.D. Wash. Apr. 1, 2019) ("courts in this district have rejected [the] argument that achieving an award of treble damages under the IFCA is too speculative to satisfy a defendant's amount in controversy burden").

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. Doubts as to removability must be resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Where, as here, it is not facially evident that more than $75,000 is in controversy, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). In determining whether jurisdiction has been established, courts may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson*, 319 F.3d at 1090 (cleaned up). In weighing the evidence, the court considers "real evidence and the reality of what is at stake in the

litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

### A. The Amount in Controversy

The sole basis for Allstate's removal of this case is diversity jurisdiction. *See* Dkt. No. 1. The parties are citizens of different states, Dkt. No. 1 at 2, so the jurisdictional question turns on whether Allstate has carried its burden to show that the amount in controversy exceeds $75,000.

Allstate contends in its notice of removal that "it is clear that [Ramos Hernandez] alleges damages in excess of the $75,000 jurisdictional requirement" because she seeks (1) contractual damages of $25,000 pursuant to her policy with Allstate;[1] (2) noneconomic damages for pain, suffering, and loss of earnings; (3) statutory Consumer Protection Act damages up to $25,000; and (4) treble damages as authorized by Section 48.30.015 of the Revised Code of Washington. Dkt. No. 1 at 2–3. Allstate reiterates this argument for the most part in its opposition to Ramos Hernandez's motion for remand, except that it makes no mention of Consumer Protection Act damages. *See generally* Dkt. No. 11. Indeed, Ramos Hernandez did not assert a Consumer Protection Act claim. *See generally* Dkt. No. 8. Allstate argues that the remaining factors add up to enough for this Court to retain the case: "damages will be $25,000 trebled plus attorney's fees for a total over $75,000." Dkt. No. 11 at 7; *see also* Wash. Rev. Code § 48.30.015(2) (the IFCA permits courts to increase "the total award of damages to an amount not to exceed three times the actual damages"). Importantly, Allstate's basic calculation depends on the underlying assumption that Ramos Hernandez's $25,000 IFCA resolution figure represents damages. Whether this assumption holds water is the crux of the parties' dispute.

---

[1] The subject policy provides UIM coverage "in the amount of $25,000/$50,000 per person/per accident, subject to the terms and conditions of the Policy." Dkt. No. 1 at 2.

ORDER GRANTING MOTION TO REMAND - 4

For her part, Ramos Hernandez argues that her "bald" IFCA resolution figure alone "is insufficient to provide proof of damages, or a reasonable estimate of damages." Dkt. No. 12 at 3. Instead, Ramos Hernandez urges the Court to evaluate the amount in controversy based on Allstate's compromise offer, in which it valued her claim at just $380.11—far less than the jurisdictional amount, even when trebled. Dkt. No. 6 at 8.

However, Allstate's compromise offer is not dispositive. *See, e.g.*, *Morella v. Safeco Ins. Co. of Illinois*, No. C12-00672-RSL, 2012 WL 2903084, at *2 (W.D. Wash. July 16, 2012) (rejecting argument that the court should defer to defendant's counter estimate to determine the amount in controversy; "[i]f plaintiff had chosen to allege an amount in the claim, the Court would have deferred to his determination as the master of the claim," and "[t]he same logic applies to plaintiff's settlement demand"). "To establish the amount in controversy, a defendant may point to many different types of evidence," and "[a] particularly powerful form of evidence is the plaintiff's own statements about the damages they seek." *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *3 (W.D. Wash. Oct. 1, 2019). Such statements can include settlement demands. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Segar v. Allstate Fire & Cas. Ins. Co.*, No. C21-1526-JLR, 2022 WL 102035, at *3 (W.D. Wash. Jan. 11, 2022) ("The court treats [plaintiff's] pre-litigation demand as relevant evidence of the damages that he seeks— namely, the full $100,000 UIM policy limit."); *Morella*, No. 2012 WL 2903084, at *1–2. Relevant statements can also include IFCA notices. *Sinnes v. Travelers Home & Marine Ins. Co.*, No. C12-368-RAJ, 2012 WL 13024402, at *3 (W.D. Wash. May 21, 2012) ("the court may consider a Notice of Claim [under IFCA], which is a public record").

Here, it is evident that Ramos Hernandez seeks more than $380.11 in this lawsuit because she did not accept Allstate's compromise offer. Dkt. No. 1-2 at 19. Instead, she informed Allstate that it could resolve the dispute for $25,000. She provided this resolution figure in accordance with

ORDER GRANTING MOTION TO REMAND - 5

the IFCA, which provides 20 days for the insurer "to resolve the basis for the action" before the claimant can bring an action. Wash. Rev. Code § 48.30.015(8)(b).

Allstate characterizes Ramos Hernandez's resolution figure as an indication "that Allstate could resolve all of the claims by tendering payment of $25,000." Dkt. No. 11 at 2. What dooms Allstate's arguments in this case is precisely that: the $25,000 demand was to settle "*all of [Ramos Hernandez's] claims and causes of action*," including "violation(s) of RCW 48.30.010 and more specifically RCW 48.30.[0]15(1) and WAC 284-30-330(3), (4), (6), (7), and (13)." Dkt. No. 1-2 at 19 (emphasis added). Because Ramos Hernandez's IFCA notice is presented as her demand for a full settlement, not as her actual damages or "minimum expected damages" as Allstate claims, the Court cannot conclude that the resolution figure encompassed only damages and not attorney's fees or trebling. *See* Wash. Rev. Code § 48.30.015(2)–(3) (authorizing the court to "increase the total award of damages to an amount not to exceed three times the actual damages" and directing that the court "shall" award attorneys' fees and costs upon finding that a defendant insurer violated WAC 284-30-330 or unreasonably denied a claim for coverage or payment of benefits).

In addition, the relevance of Ramos Hernandez's $25,000 resolution figure depends on whether it "appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn*, 281 F.3d at 840. "Without more evidence than the demand itself, it is difficult to determine what a settlement demand reveals about the actual amount in controversy." *McDaniel v. Garmin, Ltd.*, No. C12-2243RAJ, 2013 WL 1163795, at *3 (W.D. Wash. Mar. 18, 2013). No such evidence has been presented here. Neither Ramos Hernandez's IFCA notice nor her complaint provides any detail regarding the damages she incurred from the car accident. And Allstate has not provided any support for its contention that $25,000 is a reasonable estimate of Ramos Hernandez's claim other than the demand itself. *See* Dkt. No. 11 at 7 (arguing that "Allstate should not have to prove Ms.

ORDER GRANTING MOTION TO REMAND - 6

Ramos Hernandez's damages independently of what she has asserted prior to trial because Allstate introduced evidence of the demand.").

The lack of evidence in the record regarding Ramos Hernandez's damages distinguishes this case from those on which Allstate relies. Dkt. No. 11 at 4–11; *see, e.g., Leyva v. Allstate Fire & Casualty Ins. Co.*, No. C21-0987-RSM-DWC, 2021 WL 4847791, at *2 (W.D. Wash. Sept. 22, 2021) (denying motion to remand where plaintiffs sought damages for loss of use of their vehicle and property damage in the amount of roughly $38,995, plus attorneys' fees, litigation costs, and treble damages); *Nw. Ry. Museum v. Indian Harbor Ins. Co.*, No. C17-1060-JLR, 2017 WL 4466619, at *3 (W.D. Wash. Oct. 5, 2017) (holding that the jurisdictional amount was satisfied where defense counsel estimated—based on counsel's experience in hundreds of prior lawsuits—that plaintiff's damages were likely a minimum of $25,000 based on plaintiff's injuries, multiple surgeries, and "many expensive medical procedures"); *Trepanier v. Progressive Direct Ins. Co.*, No. C12-0987-JCC, 2012 WL 12882865, at *1–2 (W.D. Wash. Sept. 19, 2012) (denying motion to remand where in a pre-suit settlement letter, plaintiff claimed $26,048 in special damages and $208,000 in general damages, and where plaintiff's lengthy description of medical services and physical ailments supported the reasonableness of the estimate). In contrast to those cases, Allstate has not carried its burden to demonstrate that the jurisdictional amount is met.

In holding that Allstate has not met its burden, the Court does not encourage plaintiffs to be purposefully vague in their complaints, notices, or settlement demands to avoid removal. Thoroughly supported settlement demands can assist the parties in reaching fair and cost-effective resolutions. However, in this case, Allstate has not presented sufficient evidence to satisfy the amount in controversy. Because the Court lacks jurisdiction, remand is required.

### B. Attorney's Fees

Ramos Hernandez seeks an award of attorney's fees pursuant to 28 U.S.C. 1447(c) if her motion to remand is granted. Following remand of a case, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, it was not objectively unreasonable for Allstate to seek removal based on Ramos Hernandez's resolution figure of $25,000 to settle the case and her complaint for general and special damages, attorney's fees and costs, and treble damages. Moreover, the Court does not find, and Ramos Hernandez does not identify, any unusual circumstances that would justify an award of attorney's fees. *Martin*, 546 U.S. at 141. Therefore, her request for an award of fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c) is denied.

### IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand. Dkt. No. 6. This matter is REMANDED to Thurston County Superior Court.

The Clerk is directed to take the steps necessary to remand the case to Thurston County Superior Court.

Dated this 28th day of February, 2022.

Lauren King
United States District Judge